IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ORLANDO HERNANDEZ**  )  <br> **ID # 126-067655,**  )  <br>   Petitioner,  )  <br> vs.  ) <br>   ) <br> **JOHNSON COUNTY**  ) <br> **CORRECTIONAL CENTER,**  ) <br>   Respondent.  ) | No. 3:16-CV-2241-C-BH <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**I. BACKGROUND**

Orlando Hernandez (Petitioner), an inmate currently incarcerated in the Johnson County Correctional Center, challenges his pretrial detention through a petition for writ of habeas corpus under 28 U.S.C. § 2241. He is in custody as a result of his arrest and indictment in Cause No. F50481 in the 18th Judicial District Court for Johnson County, Texas. (Doc. 12 at 3.)

**II. EXHAUSTION**

A habeas action under 28 U.S.C. § 2241 is the proper vehicle for challenging pretrial detention. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Mackey v. Dretke*, 2004 WL 2958382 (N.D. Tex. Dec. 21, 2004); *Lewis v. Bowles*, 2002 WL 307442 (N.D. Tex. Feb. 21, 2002). "[T]o be eligible for habeas relief [under § 2241, however], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).[1]

---

[1] Although § 2241 does not contain an exhaustion requirement, "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225; *see also Braden v. 30th Judicial Circuit Court*

Exhaustion requires that a petitioner present his "claims in a procedurally correct manner" to "the highest court of his state." *Deters v. Collins*, 985 F.2d 789, 794, 795 (5th Cir. 1993).

In Texas, a prisoner must present his or her claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). He must first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code of Criminal Procedure. Tex. Code Crim. P. Art 11.08 (West 2008); *see Cotton*, 2013 WL 3367299 at *2. The trial court's ruling is then "reviewable upon direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals)." *Ex parte Simpson*, 260 S.W. 2d 172, 174 (Tex. App. — Texarkana 2008, no writ) (citations omitted); *see Cotton v. Jefferson Cnty*, No.1:13CV267, 2013 WL 3367299, *2 (E. D. Tex. July 3, 2013).

Here, it appears from the face of the petition that Petitioner failed to exhaust available state court remedies prior to filing his § 2241 petition. He asserts that an affidavit of non-prosecution was signed by his father and mailed to the Johnson County Sheriff's Office. (*See* doc. 12 at 2.) He has not filed a habeas corpus petition other than his federal petition. (*See id*. at 7.) His claims have not been presented to the Texas Court of Criminal Appeals.

It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Because Petitioner has presented no claim to the Texas Court of Criminal

---

*of Kentucky*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir.1976). In *Braden*, the United States Supreme Court determined that absent "special circumstances", a pretrial detainee may not adjudicate the merits of an affirmative defense to a state criminal charge before a judgment of conviction has been entered. *Braden*, 410 U.S. at 489. The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id*. at 493.

Appeals, it has not had an opportunity to review his claims. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. IV. RECOMMENDATION

The petition filed under 28 U.S.C. § 2241 should be **DISMISSED** without prejudice for failure to properly exhaust state court remedies, and a certificate of appealability should not issue.

**SIGNED this 11th day of October, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE